IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNICARE LIFE & HEALTH INS. CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-0283-MJR-PMF |
| ) | |
| LONDON KOLLORE, ) | |
| LAMONT KOLLORE, and ) | |
| SAMETHEL KOLLORE, ) | |
| ) | |
| Defendants, ) | |

MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

In 2014, Lowell Kollore died, leaving behind two sons, London and Lamont Kollore; an ex-wife, Samethel Kollore; and, among other assets, a $23,000 life insurance policy issued by UniCare Life. A number of Kollore's relatives have staked a claim to the life insurance proceeds—Lamont Kollore is the listed beneficiary; Samethel Kollore was the previous beneficiary; and London Kollore, acting as executor of Lowell's estate, insists that the most recent beneficiary form assigning the proceeds to Lamont was forged by Lamont and that the money should go to Lowell's estate. A few other funeral companies also staked a claim to some of the life insurance money because they provided interment services and obtained agreements from the Kollores to secure those bills with the insurance proceeds. Faced with a number of interested parties, UniCare filed an interpleader action in this Court and named the Kollores and the funeral companies as defendants, asking the Court to sort out the conflicting claims to the life insurance policy. UniCare then deposited the insurance proceeds with the Court and

1

was dismissed from the case. The Kollores later agreed that the funeral companies should be paid out of the insurance proceeds, so the Court ordered funds to be distributed to those companies and then dismissed them from the case, too.

The only parties left are the Kollores and their conflicting claims to what's left of Lamont's insurance proceeds. On February 24, 2016, Lamont filed what he called a motion to dismiss, seeking to get rid of London and Samethel's forgery claim and have the Court order the remaining funds tendered to him. Lamont's motion was filed without the help of a lawyer and wasn't the model of clarity, but he seemed to claim that the forgery allegations advanced by London and to a lesser extent Samethel are bunk and lack any evidentiary support. The motion, then, was really one for summary judgment. London and Samethel didn't respond to Lamont's motion, but those parties, too, are proceeding without the help of an attorney, so the Court extended the response deadline, directed that Lamont's motion be resent to them by the Clerk of the Court, advised them that the motion was being treated as one for summary judgment, and informed them that they needed to respond. They were given until June 3, 2016 to do so, and that date has come and gone without a whisper from either party.

Lamont's motion for summary judgment on the forgery claim must be granted for two separate and independent reasons. For one, this Court's Local Rule 7.1 permits the Court to assume the merits of a motion that goes entirely unrebutted—the failure "to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Samethel and London were both warned of this possibility when the Court extended the briefing schedule on Lamont's motion, yet they

2

still failed to provide any response to Lamont's argument that the forgery claim wasn't viable. The Seventh Circuit has upheld local rules by other courts in this circuit that allowed for the swift disposition of motions to which no party objects, *Smith v. Lamz*, **321 F.3d 680, 683 (7th Cir. 2003)**, and the Court is of the view that it's proper to employ the Court's local rule now and grant Lamont's motion, especially given that Samethel and London were warned that the rule may be used if they offered no response.

Even if the Court declined to employ Local Rule 7.1, granting Lamont's motion for summary judgment is proper. The standard for summary judgment is well-established: the movant must first make an initial showing that there are no genuine questions of material fact and that he is entitled to judgment as a matter of law, and then the burden shifts to the other side to respond. *Spierer v. Rossman*, **798 F.3d 502, 507 (7th Cir. 2015)**. The movant can discharge his initial burden in two ways: he can show that there is an absence of evidence supporting an essential element of the non-moving party's claim if the non-moving party has the burden of proof on that claim at trial, or he can present affirmative evidence that negates an essential element of the non-moving party's claim. *Hummel v. St. Joseph County Board of Commissioners*, **817 F.3d 1010, 1015-16 (7th Cir. 2016)**. After that, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial." *Cincinnati Life Ins. Co. v. Beyrer*, **722 F.3d 939, 951 (7th Cir. 2013)**; *see also Spierer*, **798 F.3d at 507**. In that sense, summary judgment is the "put up or shut up" moment in a lawsuit, when a party must "show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, **407 F.3d 852, 859 (7th Cir.**

2007).  All parties, even those who proceed without counsel, are obligated to shoulder that burden.  *Arnett v. Webster*, **658 F.3d 742, 760 (7th Cir. 2011).**

The Court must construe Lamont's motions broadly in light of his *pro se* status, *Long En Zheng v. Mukasey*, **295 F. App'x 369, 370 (2d Cir. 2008)**, and when his filings are given that brush, he's met his initial burden on summary judgment in both of the ways laid out above.  His motion says that London and Samethel have no proof of forgery, and that establishes a lack of evidence on a point for which London and Samethel bear the burden of proof.  *See Tinsley v. Gen. Motors Corp.*, **227 F.3d 700, 705 (6th Cir. 2000) (plaintiff in beneficiary claim had burden of proof on summary judgment).**  Lamont's motion also references his prior filings in this case, and those include exemplars of Lamont's signature and Lowell's signature and Lamont's statement that he didn't forge the beneficiary form and that the form is genuine.  That counts as evidence tending to show that London and Samethel have no case for forgery.  Both showings are sufficient to trigger London and Samethel's obligation to respond.

If a non-moving party elects to stay mum despite a duty to respond, as London and Samethel have done in this case, that silence has consequences.  The Court won't "scour the record in search of evidence to defeat" the motion, *Harney v. Speedway SuperAmerica*, **LLC, 526 F.3d 1099, 1104 (7th Cir. 2008)**, but instead will take the silence as an admission that the facts presented by the movant aren't disputed, *Flynn v. Sandahl*, **58 F.3d 283, 289 (7th Cir. 1995).**  Applying that rule here, there's no way a jury could still rule in London or Samethel's favor.  Lamont says that there's no proof of

4

forgery, that the exemplars show that the form wasn't forged, and that he didn't forge the form. When all of those facts are accepted, any forgery claim falls apart.

To sum up, Lamont's motion to dismiss, which the Court has construed as a motion for summary judgment (Doc. 41), is **GRANTED**. This ruling renders moot Lamont's most-recent "request" for judgment (Doc. 43), so it is **DENIED**. The **CLERK** is **DIRECTED** to enter judgment in favor of Lamont Kollore as to the beneficiary forgery claim made by London and Samethel Kollore. The **CLERK** is also **DIRECTED** to issue a distribution of the remainder of the Kollore fund (consisting of $16,745.63 and all accrued interest) out of the Court's registry, payable to Lamont Kollore.

    **IT IS SO ORDERED.**

    DATED:  **June 22, 2016**

                                         /s/ **Michael J. Reagan**
                                         **Chief Judge Michael J. Reagan**
                                         **United States District Court**